IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

Filed at 11:58 AM
DATE March 31, 2010
DEPUTY CLERK, U. S. DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

UNITED STATES OF AMERICA

VS.

JAVEED BUKHARI

DOCKET NO. 5:10-CR-4 (HL)

## PLEA AGREEMENT

It is agreed by the United States of America, by and through its undersigned attorney, and Javeed Bukhari, hereinafter referred to as "Defendant," and defendant's undersigned attorney, as follows:

(1)

Defendant acknowledges that defendant has reviewed and discussed the Indictment against defendant in this matter with defendant's attorney and defendant's attorney has explained to defendant his understanding of the Government's evidence.

(2)

The defendant understands that defendant is not required to plead guilty, and that defendant has the right to plead not guilty and to elect instead to be tried by jury. The defendant understands that at a jury trial, defendant would enjoy a

*JK*

*JAB*

presumption of innocence, and that the Government would have the burden of proving defendant's guilt beyond a reasonable doubt. The defendant understands that defendant would be entitled to the services of a lawyer at all stages of such a trial. The defendant understands that defendant would be entitled to confront and to cross-examine the Government's witnesses, and to present witnesses and evidence in defendant's own behalf. The defendant understands that defendant would have the right to testify in defendant's own behalf, but that defendant could not be compelled to do so. Defendant has discussed these rights with defendant's attorney. Defendant is satisfied with the services of defendant's lawyer. Defendant knowingly and voluntarily waives defendant's right to plead not guilty and to proceed to trial.

The United States and the Defendant understand and agree that the Court should consider its sentence in light of the advisory Federal Sentencing Guidelines, as explained in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005). Defendant knowingly and voluntarily waives any further objections that Defendant may have based on Booker, Apprendi v. New Jersey, 530 U.S. 466 (2000), and their progeny. The Defendant agrees that at sentencing the Court may determine any pertinent fact by a preponderance of the evidence and the Court may consider any reliable information, including hearsay. The Defendant expressly waives any claim of right to an indictment, trial by jury, and/or proof

_JAB_

beyond a reasonable doubt on any factual determinations that pertain to sentencing in this case.

(3)

Defendant being fully cognizant of defendant's rights, and in exchange for the considerations to be made by the United States as set forth in paragraph (4) below, agrees pursuant to Rule 11(c), Federal Rules of Criminal Procedure, as follows:

(A)   The defendant is guilty and will knowingly and voluntarily enter a plea of guilty to Count Two of the Indictment which charges defendant with conspiracy to commit identification document fraud, in violation of Title 18, United States Code, Section 1028(f).

(B)   The defendant fully understands that defendant's plea of guilty as set forth in Subparagraph (A), above, will subject defendant to a maximum sentence of 15 years imprisonment, a maximum fine of $250,000.00, or both, and a term of supervised release of 3 years. Defendant further acknowledges that the Court is required to impose a mandatory assessment of $100.00.

(C)   The defendant acknowledges and understands that the Court is not bound by any estimate of the advisory sentencing range that defendant may have received from defendant's counsel, the Government, or the Probation Office. The defendant further acknowledges and agrees that defendant will not be allowed to



3

withdraw defendant's plea because defendant has received an estimated guideline range from the Government, defendant's counsel, or the Probation Office which is different from the advisory guideline range computed by the Probation Office in the Presentence Report and found by the Court to be the correct advisory guideline range.

(D)   The defendant understands fully and has discussed with defendant's attorney that the Court will not be able to consider or determine an advisory guideline sentencing range until after a pre-sentence investigative report has been completed.  The defendant understands and has discussed with defendant's attorney that the defendant will have the opportunity to review the pre-sentence investigative report and challenge any facts reported therein.  The defendant understands and has discussed with defendant's attorney that any objections or challenges by the defendant or defendant's attorney to the Pre-Sentence Report, the Court's evaluation of rulings on that Report, or the Court's sentence, will not be grounds for withdrawal of the plea of guilty.

(E)   Defendant understands and has discussed with defendant's attorney that after the Court considers the advisory guideline range for this case, the Court will have the discretion to impose a sentence that is more severe or less severe than the advisory guideline range.

(F)   Defendant agrees to provide a check for the mandatory assessment

4

at the time of sentencing.

(G) Defendant understands, and has fully discussed with defendant's attorney, that the Court shall order total restitution in this case pursuant to 18 U.S.C. § 3663A and that defendant agrees to pay the restitution ordered by the Court whether to an identifiable victim or the community.

(H) The defendant understands that ordinarily Title 18, United States Code, Section 3742, will in certain cases allow for a direct appeal after sentencing followed by the Court of Appeals' limited review of a defendant's sentence. But once this agreement is accepted and sentence is imposed by the District Court, defendant by this agreement forever waives any right to an appeal or any other court review of defendant's sentence, and the defendant's waiver includes any collateral attack on the District Court's sentence. However, in the event that the District Court imposes a sentence that exceeds the advisory guideline range as determined by the District Court, or imposes a sentence that equals or exceeds 12 months of imprisonment, then the defendant shall retain the right to pursue a timely appeal of the sentence directly to the Court of Appeals after the District Court imposes its sentence.

The defendant and the United States Attorney agree that nothing in this plea agreement shall affect the Government's opportunity to appeal as set forth in Title 18, United States Code, Section 3742(b). If, however, the United States

5

Attorney notices an appeal of the defendant's sentence, then the defendant shall have the right to cross-appeal from the sentence.

(I)   The defendant and the Government stipulate and agree that there was no detected or identified biological evidence obtained during the investigation and prosecution of the matter which is subject to DNA testing. The defendant further agrees that all evidence obtained in this investigation and prosecution may be destroyed or returned to its rightful owner.

(4)

In exchange for the consideration set forth in Paragraph (3) above, the Government agrees as follows:

(A)   That it will accept the plea of guilty by defendant as provided in Paragraph (3)(A), above, in full satisfaction of all possible federal criminal charges, known to the Government at the time of defendant's guilty plea, which might have been brought solely in this district against the defendant.

(B)   That it further agrees, pursuant to Rule 11(c)(1)(A), Federal Rule of Criminal Procedure, to move the Court at the time of sentencing to dismiss Counts One and Three through Five.

(C)   That, based upon the evidence currently known to the Government, the Government will recommend the following applications of the Sentencing Guidelines:

6

    (1)    The applicable offense Guideline is Section 2B1.1.

    (2)    The two-level increase in Section 2B1.1(b)(10) applies to this case, but all other Specific Offense Characteristics set forth in Section 2B1.1(b) do not apply.

    (3)    Based on the above recommendations, and if the defendant affirmatively manifests an acceptance of responsibility as contemplated by the Sentencing Guidelines and this agreement, the Government will recommend an adjusted offense level of 10. The Government agrees to recommend that the defendant be sentenced to a term of probation with a condition of six months of home detention.

The defendant understands that these recommendations are not binding upon the Court.

    (D)    If the defendant affirmatively manifests an acceptance of responsibility as contemplated by the Sentencing Guidelines, the Government will recommend to the Court that the defendant receive a downward adjustment in the advisory guideline range. But the decision whether the defendant will receive any sentence reduction for acceptance of responsibility rests within the Court's discretion. The United States expressly reserves its right to furnish to the Court information, if any, showing that the defendant has not accepted responsibility,



7

including, but not limited to, denying his involvement, giving conflicting statements as to his involvement, or engaging in additional criminal conduct including personal use of a controlled substance.

(5)

Nothing herein limits the sentencing discretion of the Court.

(6)

This agreement constitutes the entire agreement between the defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Assistant United States Attorney, concerning any plea to be entered in this case. In addition, defendant states that no person has, directly or indirectly, threatened or coerced defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

(7)

As an aid to this Court, the Government and the defendant, by and through defendant's counsel, enter into the following Stipulation of Fact. This stipulation is entered into in good faith with all parties understanding that the stipulation is not binding on the Court. Under U.S.S.G. Policy Statement Section 6B1.4(d), this Court may accept this stipulation as written or in its discretion with the aid of the Pre-Sentence Report determine the facts relevant to sentencing.



Subject to the above paragraph, the Government and the defendant stipulate and agree that the following facts are true and would be proven beyond a reasonable doubt at a trial:

Defendant conspired with co-defendant Kenneth Boyt, an examiner with the Georgia Department of Driver Services, to knowingly, and without lawful authority, produce and transfer identification documents and authentication features, specifically, Georgia driver's licenses. Defendant arranged for at least two individuals, who were not otherwise eligible to receive Georgia driver's licenses, to obtain such licenses from co-defendant Boyt. Each of those two individuals paid defendant $1,000 in exchange for the driver's license they were not otherwise eligible to receive. Kenneth Boyt claims that he received approximately $300 from defendant for each license he issued.

(8)

## ACCEPTANCE OF PLEA AGREEMENT

Defendant understands and has fully discussed with defendant's attorney that this agreement shall become effective only upon the Court's acceptance of this agreement and the Court's acceptance of the plea of guilty by the defendant.

SO AGREED, this 31st day of March, 2010.

G. F. PETERMAN, III
ACTING UNITED STATES ATTORNEY

BY: _____
CHRISTOPHER C. BLY
SPECIAL ASSISTANT UNITED STATES ATTORNEY
GEORGIA BAR NUMBER 064634

I, Javeed Bukhari, have read this agreement and had this agreement read to me by my attorney, Paul Kish. I have discussed this agreement with my attorney and I fully understand it and agree to its terms.

_____
JAVEED BUKHARI
DEFENDANT

I, Paul Kish, attorney for defendant Javeed Bukhari, have explained the Indictment and the Government's evidence received through discovery and my investigation of the charge to defendant. I believe defendant understands the charge against defendant and the evidence that would be presented against defendant at a trial. I have read this agreement, have been given a copy of it for my file, and have explained it to defendant. To the best of my knowledge and belief, defendant understands this agreement.

_____
PAUL KISH
ATTORNEY FOR DEFENDANT

11